Joe C. BASALDUA and Gilbert Basaldua, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 13–88–108–CR, 13–88–129–CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 12, 1989.

Rehearing Denied Feb. 9, 1989.

Roger W. Dreyer, Perkins, Dreyer & Rather, Gonzales, for Joe C. Basaldua.

Charles Campion, San Antonio, for Gilbert Basaldua.

W.C. Kirkendall, Dist Atty., Seguin, for appellee.

Before BENAVIDES, UTTER and KENNEDY, JJ.

OPINION

BENAVIDES, Justice.

Appellants, Joe and Gilbert Basaldua, appeal from a conviction upon a negotiated plea of guilty to the offense of burglary of a habitation. The court, following the plea bargain recommendations, assessed punishment for both appellants at 45 years in the Texas Department of Corrections. We affirm the judgments of the trial court.

The record reflects that on March 20, 1987, Joe and Gilbert Basaldua and George Krueger (hereinafter collectively referred to as the "defendants") were arrested and indicted for the offense of burglary of a habitation. On April 2, 1987, all three defendants gave a written statement wherein they confessed to the commission of the offense. Sometime thereafter, all three defendants filed virtually identical motions to suppress their confessions. On August 31, 1987, one hearing was held on all three motions. After hearing all the evidence presented, the trial court overruled their motions to suppress and found that the statements were voluntary. After the trial court overruled their motions, appellants entered into a negotiated plea of guilty preserving their right to appeal the court's rulings on their motions.

On appeal, each appellant asserts as his sole point of error that the trial court erred in overruling his motion to suppress when the overwhelming evidence showed that the confessions were induced by a promise of benefit and were, therefore, involuntary. Since both appellants present the identical issue for review, the causes are consolidated for the purposes of this opinion.

It is an established rule of law that a confession based upon an inducement, such as a promise made or sanctioned by a person in authority, is inadmissible. *Freeman v. State*, 723 S.W.2d 727, 729 (Tex. Crim.App.1986); *Washington v. State*, 582 S.W.2d 122, 124 (Tex.Crim.App.1979). Before a confession will be rendered inadmissible under this theory, the promise must: (1) be of some benefit to the defendant; (2) be positive; (3) be made or sanctioned by a person in authority; and (4) be of such character as would be likely to influence the defendant to speak untruthfully. *Freeman*, 723 S.W.2d at 729; *Washington*, 582 S.W.2d at 124.

In the instant case, the evidence presented at the hearing was controverted. Sergeant Joe Qualls, Jr. testified that he took the statements from each defendant separately. Qualls admitted that, prior to giving the statements, the defendants had been in jail for approximately one week and that two other officers had unsuccessfully attempted to elicit a confession from them. However, Qualls testified that on April 2nd, the defendants were read their rights and each defendant freely and voluntarily confessed.

Qualls told the Court that he did not promise them anything that would induce them to make a statement; however, he admitted that the defendants had told him that they wanted to make a deal in exchange for their confessions. According to Qualls, the defendants requested five-year sentences in exchange for their confessions. Qualls told the defendants that a five-year sentence would be all right with the sheriff's department, but that the final decision would rest with the district attorney. According to Qualls, he informed the defendants that he could not make a deal, but that if they confessed he would talk to the district attorney. Likewise, Qualls admitted that he had told the defendants that it would probably be easier on them if they cooperated, but there were no guarantees.

To controvert the State's evidence, all three defendants testified at the hearing that they were induced to confess when Qualls promised them that, in exchange for their confessions, they would receive five-year sentences.

Two deputy sheriffs, Randy Sample and Tommy Richter, testified that they knew of no deal or agreement, but that prior to April 2nd, they had unsuccessfully attempted to elicit confessions from the defendants.

Dorothy Hunt, a jailer, also testified at the hearing on the motion. She told the trial court that she heard George Krueger tell someone on the telephone that he had made a deal for five years. Likewise, Krueger's court appointed attorney, Tom Robinson, testified that someone from the sheriff's department had told him that Krueger was going to waive indictment and plead guilty to the charge. Robinson, however, testified that no one from the sheriff's department informed him about "a deal." He testified that the only person who claimed there was a deal was his client. According to Robinson, he thought there was a misunderstanding because the district attorney was proposing something "quite different."

After hearing all the evidence presented, the trial court found that (1) the confessions were voluntarily made, (2) the defendants were not induced to confess, and (3) that the defendant's testimony was not credible.

On appeal, appellants assert that the evidence adduced at the hearing establishes that their confessions were involuntary. We disagree. While we acknowledge that a promise of a reduced sentence in exchange for a confession will render that confession inadmissible, in the case before us the evidence concerning whether such a promise was made is controverted.

It is well established that, where the facts are in dispute concerning the voluntariness and admissibility of a confession, the trial court is the sole judge of the credibility of the witnesses. *Russell v. State*, 727 S.W.2d 573, 575 (Tex.Crim.App. 1987). Absent a showing of abuse of discretion, an appellate court is not at liberty to disturb any finding of fact that is supported by the evidence. *Freeman*, 723 S.W.2d at 729; *Dunn v. State*, 721 S.W.2d 325, 336 (Tex.Crim.App.1986). The confessions contained a statement that appellants had not been promised or offered leniency or favors. Likewise, the testimony of Sergeant Qualls constituted evidence of the lack of a promise. *See McMahon v. State*, 582 S.W.2d 786, 790 (Tex.Crim.App.1978).

Appellants further argue that even though Qualls denied promising a five-year sentence, it was uncontroverted he had promised that the sheriff's department would not object to a five-year sentence, and that he would talk to the district attorney. Appellants further assert that these promises were clearly beneficial to them and were calculated to induce them to sign confessions.

Assuming that the above statements could be construed as a promise of benefit to the appellants, there was ample evidence from which the trial court could conclude that Qualls lacked authority to make such a deal, and that these "promises" were not positive but rather equivocal. Qualls testified that he had told the appellants that (1) he had no authority to make a deal, (2) he could not guarantee a sentence, and (3) it would probably be easier on them if they cooperated, but that any final decision would be up to the district attorney. The uncontroverted statement that he would talk to the district attorney about their request merely establishes that they had discussed the possibility of a reduced sentence. The record reveals no uncontroverted evidence of a formal offer of a reduced sentence. *See Pannell v. State*, 666 S.W. 2d 96, 99 (Tex.Crim.App.1984). Quall's representations did not operate to make appellants' confessions involuntary.

Because there is evidence to support the trial court's findings and the record does not show the trial court abused its discretion, we overrule appellants' point of error.

The judgments of the trial court are AFFIRMED.